**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

THE CINCINNATI INSURANCE COMPANY )
                                             )
        Plaintiff,                       )
                                               )
v.                                               )
                                               )
THE ESTATE OF THOMAS MENTON            )       Case No.: <u>25-1063</u>

                                               )
        Serve:                          )
                                                 )
        John Bourgeois, Esq.              )
        Kramon & Graham, P.A.          )
        750 East Pratt Street, Suite 1100   )
        Baltimore, Maryland 21202       )
                                                 )
MENTON FAMILY DENTAL CARE          )

                                               )
        Serve:                          )
                                                 )
        John Bourgeois, Esq.              )
        Kramon & Graham, P.A.          )
        750 East Pratt Street, Suite 1100   )
        Baltimore, Maryland 21202       )
                                                 )
                                                 )
JANE DOE 1                             )

                                               )
        Serve:                          )
                                                 )
        Michael J. Belsky, Esq.          )
        SBWD Law                   )
        300 East Lombard Street, Suite 1100  )
        Baltimore, Maryland 21202       )
                                                 )
JANE DOE 2                             )

                                               )
        Serve:                          )
                                                 )
        Michael J. Belsky, Esq.          )
        SBWD Law                   )
        300 East Lombard Street, Suite 1100  )
        Baltimore, Maryland 21202       )
                                                 )

JANE DOE 3                                    )
                                              )
        Serve:                                )
                                              )
        Michael J. Belsky, Esq.               )
        SBWD Law                              )
        300 East Lombard Street, Suite 1100   )
        Baltimore, Maryland 21202             )
                                              )
        Defendants.                           )

---

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff The Cincinnati Insurance Company ("Cincinnati"), by counsel, hereby files its Complaint for Declaratory Judgment and states as follows:

1. Cincinnati is a corporation organized under the laws of Ohio with its principal place of business in Ohio.

2. Upon information and belief, The Estate of Thomas Menton (the "Estate") is a resident of Maryland.

3. Upon information and belief, Menton Family Dental Care (the "Practice") was Maryland corporate entity with its principal place of business in Ellicott City, Maryland.

4. Upon information and belief, Jane Doe 1 is a resident of Maryland.

5. Upon information and belief, Jane Doe 2 is a resident of Maryland.

6. Upon information and belief, Jane Doe 3 is a resident of Maryland.

7. The amount in controversy exceeds $75,000.

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1332.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the alleged events giving rise to this dispute occurred in this District.

10.    Pursuant to 28 U.S.C. § 2201, Cincinnati seeks a declaration of the parties' rights and obligations under the liability insurance contracts at issue in this proceeding.

11.    This insurance coverage dispute arises out of an underlying lawsuit filed by Jane Doe 1, Jane Doe 2 and Jane Doe 3 against the Estate and the Practice, which is captioned *Jane Doe 1, et al. v. The Estate of Thomas Menton, et al.*, Case No. C-13-CV-24-000803, and pending in the Circuit Court for Howard County, Maryland (the "Underlying Lawsuit").  The Complaint filed in the Underlying Lawsuit is incorporated herein and is attached hereto as Exhibit 1.

12.    In the Underlying Lawsuit, three Jane Doe plaintiffs (the "Does") seek damages arising from the alleged surreptitious video recording of the Does in various states of undress in a bathroom at the Practice located in Ellicott City, Maryland.

13.    The Does allege that they were the only three female dentists employed by the Practice.

14.    The Does allege that between 2021 and 2024, Dr. Thomas Menton ("Dr. Menton"), the sole owner of the Practice, installed a shower at the Practice that was designated for use only by professional employees.

15.    Dr. Menton allegedly encouraged Plaintiffs to use the shower by purchasing a Peloton bike and encouraging them to exercise during work hours.

16.    On or about December 27, 2023, Jane Doe 1 discovered a block-style charger that appeared to have a lens in an outlet in the shower room.

17.    Jane Doe 1 took pictures of the device.

18.    On or about January 3, 2024, Jane Doe 1 again saw the device in the bathroom and took pictures of it again.

19.     After Jane Doe 1 exited the bathroom, Dr. Menton allegedly entered the bathroom and removed the device.

20.     On or about January 4, 2024, Jane Doe 1 reported the incident to the local authorities, and stated that she would call them again if she saw the device.

21.     On or about January 10, 2024, Jane Doe 1 allegedly saw the device again and contacted the authorities.

22.     On or about January 13, 2024, a search warrant was executed, and items were seized from the dental practice.

23.     According to the Underlying Lawsuit, shortly thereafter, Dr. Menton committed suicide.

24.     The authorities allegedly discovered numerous images of three nude woman on the camera seized during the search.

25.     The Underlying Lawsuit alleges that the camera had been regularly and continuously used from 2021 through the day it was seized in 2024.

26.     The Underlying Lawsuit further alleges that Dr. Menton intentionally installed the camera and recorded the women without their consent.

27.     The Underlying Lawsuit also alleges that the camera, a laptop and a cellphone, which also contained images taken by the camera, were purchased by the Practice and utilized during working hours.

28.     The Underlying Lawsuit also alleges that the use of the camera was open and obvious to the Practice, and those in charge of the Practice (Dr. Menton) failed to take appropriate action.

29.     The Underlying Lawsuit asserts the following causes of action:  Count I –
Invasion of Privacy – Intrusion Upon Seclusion (the Estate); Count II – Statutory Damages
Under Criminal Law Section 3-902 (the Estate); Count III – Intentional Infliction of Emotional
Distress (the Estate); Count IV – Negligence (the Practice); Count V – Vicarious Liability (the
Practice).

30.     Cincinnati issued insurance policy number ECP 035 20 17 to Thomas F. Menton
DDS PA for the period from December 2, 2018 through December 2, 2021, which was renewed
through December 2, 2026 (the "Policies").  The Policies are attached hereto as Exhibits 2-5 and
are incorporated herein.

31.     The general liability coverage part of the Policies afford limits of $2 million each
occurrence and $4 million in the aggregate.

32.     The CGL coverage part of 2018-2022 Policies uses basic form GA 101 12 04,
which provides, in pertinent part, as follows:

**SECTION 1 – COVERAGES**

**COVERAGE A.  BODILY INJURY AND PROPERTY DAMAGE
LIABILITY**

**1.  Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated
to pay as damages because of "bodily injury" or "property
damage" to which this insurance applies.  We will have the right
and duty to defend the insured against any "suit" seeking those
damages.  However, we will have no duty to defend the insured
against any "suit" seeking damages to which this insurance does
not apply.   We may, at our discretion, investigate any "occurrence"
and settle any claim or "suit" that may result.  But:

*   *   *

    b.  This insurance applies to "bodily injury" and "property damage"
only if:

5

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period, and

(3) Prior to the "coverage term" in which "bodily injury" or "property damage" occurs, you did not know, per Paragraph **1.d.** below, that the "bodily injury" or "property damage" had occurred or had begun to occur, in whole or in part.

**c.** "Bodily injury" or "property damage" which:

**(1)** Occurs during the "coverage term"; and

**(2)** Was not, prior to the "coverage term", known by you, per Paragraph **1.d.** below, to have occurred;

includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the "coverage term" in which it first became known by you.

**d.** You will be deemed to know that "bodily injury" or "property damage" has occurred at the earliest time when any "authorized representative":

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage";

**(3)** First observes, or reasonably should have first observed, the "bodily injury" or "property damage";

**(4)** Becomes aware, or reasonably should have become aware, by any means other than as described in **(3)** above, that "bodily injury" or "property damage" had occurred or had begun to occur; or

**(5)** Becomes aware, or reasonably should have become aware, of a condition from which "bodily injury" or "property damage" is substantially certain to occur.

e. Damages because of "bodily injury" include damages claims by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."

2. **Exclusions**

This insurance does not apply to:

a. **Expected or Intended Injury**

"Bodily injury" or "property damage" which may reasonably be expected to result from the intentional or criminal acts of the insured or which is in fact expected or intended by the insured, even if the injury or damage is of a different degree or type than actually expected or intended. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\* \* \*

e. **Employer's Liability**

"Bodily injury" to:

(1) An "employee" of the insured sustained in the "workplace";

(2) An "employee" of the insured arising out of the performance of duties related to the conduct of the insured's business; or

(3) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraphs (1) or (2) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

\* \* \*

7

**o.  Personal And Advertising Injury**

"Bodily injury" arising out of "personal and advertising injury".

\*    \*    \*

**t.  Recording And Distribution Of Material Or Information In Violation Of Law**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

**(3)** Any statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

\*    \*    \*

**COVERAGE B.  PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.  Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.   We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.  But:

\*    \*    \*

**b.** This insurance applies to "personal and advertising injury" only if:

**(1)** The "personal and advertising injury" is caused by an offense arising out of your business;

8

**(2)** The "personal and advertising injury" offense was committed in the "coverage territory" during the policy period; and

**(3)** Prior to the "coverage term" in which the "personal and advertising injury" offense is committed, you did not know, per Paragraph **1.d.** below, that the offense had been committed or had begun to be committed, in whole or in part.

**c.** "Personal and advertising injury" caused by an offense which:

**(1)** Was committed during the "coverage term"; and

**(2)** Was not, prior to the "coverage term", known by you, per Paragraph **1.d.** below, to have been committed;

includes any continuation, change or resumption of that offense after the end of the "coverage term" in which it first became known by you.

**d.** You will be deemed to know that a "personal and advertising injury" offense has been committed at the earliest time when any "authorized representative":

**(1)** Reports all, or any part, of the "personal and advertising injury" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "personal and advertising injury";

**(3)** First observes, or reasonably should have first observed, the offense that caused the "personal and advertising injury";

**(4)** Becomes aware, or reasonably should have become aware, by any means, other than as described in **(3)** above, that the offense had been committed or had begun to be committed; or

**(5)** Becomes aware, or reasonably should have become aware, of a condition from which "personal and advertising injury" is substantially certain to occur.

## 2. Exclusions

This insurance does not apply to:

### a. Knowing Violation of Rights of Another

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act

would violate the rights of another and would inflict "personal and advertising injury".

\* \* \*

#### d. Criminal Acts

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

\* \* \*

#### q. Recording And Distribution Of Material Or Information In Violation Of Law

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

**(3)** Any statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

\* \* \*

### SECTION V – DEFINITIONS

\* \* \*

4. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these.

5. "Coverage term" means the following individual increment, or if a multi-year policy period, increments, of time, which comprise the policy period of this Coverage Part:

   **a.** The year commencing on the Effective Date of this Coverage Part at 12:01 AM standard time at your mailing address shown in the Declarations, and if a multiyear policy period, each consecutive

annual period thereafter, or portion thereof if any period is for a period of less than 12 months, constitute individual "coverage terms". The last "coverage term" ends at 12:00 AM standard time at your mailing address shown in the Declarations on the earlier of:

**(1)** The day the policy period shown in the Declarations ends; or

**(2)** The day the policy to which this Coverage Part is attached is terminated or cancelled.

**b.** However, if after the issuance of this Coverage Part, any "coverage term" is extended for an additional period of less than 12 months, that additional period of time will be deemed to be part of the last preceding "coverage term".

\* \* \*

8. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

\* \* \*

16. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right to private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

11

    f.   The use of another's advertising idea in your "advertisement"; or

    g.   Infringing upon another's copyright, trade dress or slogan in your "advertisement".

*   *   *

24. "Workplace" means that place and during such hours to which the "employee" sustaining "bodily injury" was assigned by you, or any other person or entity acting on your behalf, to work on the date of "occurrence".

Ex. 2 pages 18-39, Policy Form GA 101 12 04.

33.     The CGL coverage part of 2022-2026 Policies uses basic form CG 00 01 04 13, which provides, in pertinent part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A.  BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.  Insuring Agreement**

    a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages to which this insurance does not apply.   We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

*   *   *

    b.   This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

12

      (2) The "bodily injury" or "property damage" occurs during the policy period; and

      (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

  c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II - Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

  d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

      (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

      (2) Receives a written or verbal demand for damages because of the "bodily injury" or "property damage"; or

      (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

  e. Damages because of "bodily injury" include damages claims by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."

*   *   *

**2.  Exclusions**

This insurance does not apply to:

**a.  Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. . . .

\*    \*    \*

**e.  Employer's Liability**

"Bodily injury" to:

(4) An "employee" of the insured sustained in the "workplace";

(5) An "employee" of the insured arising out of the performance of duties related to the conduct of the insured's business; or

(6) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraphs (1) or (2) above.

This exclusion applies:

(3) Whether the insured may be liable as an employer or in any other capacity; and

(4) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

\*    \*    \*

**o.  Personal And Advertising Injury**

"Bodily injury" arising out of "personal and advertising injury".

\*    \*    \*

**q.  Recording And Distribution Of Material Or Information In Violation Of Law**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

14

    **(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

    **(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

    **(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or

    **(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

*   *   *

## COVERAGE B.  PERSONAL AND ADVERTISING INJURY LIABILITY

**1.  Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.   We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.  But:

*   *   *

    **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

*   *   *

**2.  Exclusions.**

This insurance does not apply to:

    **b.  Knowing Violation of Rights of Another**

15

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

\* \* \*

**d. Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

\* \* \*

**q. Recording And Distribution Of Material Or Information In Violation Of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

**(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or

**(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

\* \* \*

**SECTION V – DEFINITIONS**

\* \* \*

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

16

**5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

*   *   *

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

h.  False arrest, detention or imprisonment;

i.  Malicious prosecution;

j.  The wrongful eviction from, wrongful entry into, or invasion of the right to private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

k.  Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

l.  Oral or written publication, in any manner, of material that violates a person's right of privacy;

m.  The use of another's advertising idea in your "advertisement"; or

n.  Infringing upon another's copyright, trade dress or slogan in your "advertisement".

*   *   *

**24.** "Workplace" means that place and during such hours to which the "employee" sustaining "bodily injury" was assigned by you, or any other person or entity acting on your behalf, to work on the date of the "occurrence".

Ex. 5 pages 23-39, Policy Form CG 00 01 04 13.

34.     The CGL coverage part of the Policies contains the Commercial General Liability

Broadened Endorsement, which provides, in pertinent part, as follows:

### 12. Bodily Injury Redefined

**Section V – Definitions, 3.** "Bodily injury" is replaced by the following:

1. "Bodily injury" means bodily harm or injury, sickness, disease, disability, humiliation, shock, fright, mental anguish or mental injury, including care, loss of services or death resulting from any of these at any time.

Ex. 5 pages 40-52, Policy Form GCP 203 09 20.

35.     The CGL coverage part of 2022-2026 Policies also contains the Commercial

General Liability Amendatory Endorsement, which provides, in pertinent part, as follows:

### B.  Expected Or Intended Injury

If the Expected Or Intended Injury exclusion is not otherwise modified by any endorsement to this Coverage Part, Exclusion **2.a. Expected Or Intended Injury** under **Section I – Coverage A - Bodily Injury And Property Damage Liability** is replaced by the following:

#### a.  Expected Or Intended Injury

"Bodily injury" or "property damage" which may reasonably be expected to result from the intentional or criminal acts of the insured or which is in fact expected or intended by the insured, even if the injury or damage is of a different degree or type than actually expected or intended. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

*   *   *

### G.  Known Injury Or Damage Provision – Personal And Advertising Injury Liability

If **Section I - Coverage B - Personal And Advertising Injury Liability** is not otherwise excluded by any endorsement to this Coverage Part, **1. Insuring Agreement, b.** is replaced with the following and adding **c.** and **d.**:

**b.** This insurance applies to "personal and advertising injury" only if:

**(1)** The "personal and advertising injury" is caused by an offense arising out of your business;

**(2)** The "personal and advertising injury" offense was committed in the "coverage territory" during the policy period; and

**(3)** Prior to the "coverage term", no insured listed under Paragraph **1.** Of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an offense or claim, knew that the "personal and advertising injury" offense had been committed or had begun to be committed, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the "coverage term", that the "personal and advertising" offense was committed, then any continuation, change or resumption of such "personal and advertising injury" offense during or after the "coverage term" will be deemed to have been known prior to the "coverage term".

**c.** "Personal and advertising injury" caused by an offense which was committed during the "coverage term" and was not, prior to the "coverage term", known to have been committed by any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an offense of claim, includes any continuation, change, or resumption of that "personal and advertising injury" offense after the end of the "coverage term".

**d.** "Personal and advertising injury" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an offense or claim:

**(1)** Reports all, or any part, of the "personal and advertising injury" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "personal and advertising injury"; or

**(3)** Becomes aware by any other means that the offense had been committed or had begun to be committed.

Policy Form GCP 403 09 20 at 2 of 8.

36.    The 2018-2022 Policy does not contain an umbrella coverage part.

37.     The Umbrella coverage part of the 2022-2026 Policies provides annual limits of $1 million each occurrence and in the aggregate.  The Umbrella coverage part uses basic form US 101 09 20, which provides, in pertinent part, as follows:

**SECTION I – COVERAGE**

**A.  Insuring Agreement**

    **1.**  We will pay on behalf of the insured "ultimate net loss" which the insured is legally obligated to pay as damages because of "bodily injury", "personal and advertising injury" or "property damage" to which this insurance applies:

        a.  Which is in excess of the "underlying insurance"; or

        b.  Which is either excluded or not insured by "underlying insurance".

*     *     *

    3.  This insurance applies to "bodily injury", "personal and advertising injury" or "property damage" only if:

        a.  The "bodily injury", "personal and advertising injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

        b.  The "bodily injury" or "property damage" occurs during the policy period shown in the Declarations; or

        c.  The "personal and advertising injury" results from an "occurrence" that takes place during the policy period shown in the Declarations;

        d.  Prior to the "coverage term" no insured listed under Paragraph **1.** of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part, or that the "personal and advertising injury" offense had been committed, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the "coverage term", that the "bodily injury" or "property damage" occurred, or that the "personal and advertising injury" offense had been committed, then any

20

continuation, change or resumption of such "bodily injury", "personal and advertising injury" or "property damage" during or after the "coverage term" will be deemed to have been known prior to the policy period.

4. "Bodily injury" or "property damage" which occurs during the "coverage term" and was not, prior to the "coverage term", known to have occurred by any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the "coverage term".

5. "Personal and advertising injury" caused by an offense which was committed during the "coverage term" and was not, prior to the "coverage term", known to have been committed by any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "personal and advertising injury" offense after the end of the "coverage term".

6. "Bodily injury" or "property damage" will be deemed to have been known to have occurred, or a "personal and advertising injury" offense will be deemed to have been known to have been committed at the earliest time when any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

   a. Reports all, or any part, of the "bodily injury", "personal and advertising injury" or "property damage" to us or any other insurer;

   b. Receives a written or verbal demand or claim for damages because of the "bodily injury", "personal and advertising injury" or "property damage"; or

   c. Becomes aware by any other means that "bodily injury" or "property damage" had occurred or has begun to occur, or that the "personal and advertising injury" offense had been committed or has begun to be committed.

* * *

**B.  Exclusions**

21

This insurance does not apply to:

* * *

**2. Breach of Contract, Failure to Perform, Wrong Description and Violation of Another's Rights**

"Personal and advertising injury":

* * *

d. Caused by or at the direction of the insured with knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

* * *

**8. Recording And Distribution Of Material Or Information In Violation Of Law**

Any liability arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

**(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or

**(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

* * *

**11. Employer's Liability Limitation**

Any liability arising from injury to:

a. An "employee" of the insured sustained in the "workplace";

22

    b. An "employee" of the insured arising out of the performance of duties related to the conduct of the insured's business; or

    c. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraphs a. or b. above.

This exclusion applies:

    a. Whether the insured may be liable as an employer or in any other capacity; and

    b. To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

*   *   *

**14. Falsity, Prior Publication, Criminal Act and Media and Internet Type Businesses**

"Personal and advertising injury":

*   *   *

    **c.** Arising out of a criminal act committed by or at the direction of the insured;

*   *   *

**SECTION V – DEFINITIONS**

*   *   *

**4.** "Bodily injury" means bodily harm or injury, sickness, disease, disability, humiliation, shock, fright, mental anguish or mental injury, including care, loss of services or death resulting from any of these at any time.

**5.** "Coverage term" means the following individual increment, or if a multi-year policy period, increments, of time, which comprise the policy period of this Coverage Part:

    **a.** The year commencing on the Effective Date of this Coverage Part at 12:01 AM standard time at your mailing address shown in the Declarations, and if a multiyear policy period, each consecutive annual period thereafter, or portion thereof if any period is for a

23

period of less than 12 months, constitute individual "coverage terms". The last "coverage term" ends at 12:00 AM standard time at your mailing address shown in the Declarations on the earlier of:

**(1)** The day the policy period shown in the Declarations ends; or

**(2)** The day the policy to which this Coverage Part is attached is terminated or cancelled.

**b.** However, if after the issuance of this Coverage Part, any "coverage term" is extended for an additional period of less than 12 months, that additional period of time will be deemed to be part of the last preceding "coverage term".

\*    \*    \*

**16.** "Occurrence" means:

a. An accident, including continuous or repeated exposure to substantially the same general harmful conditions, that results in "bodily injury" or "property damage"; or

b. An offense that results in "personal and advertising injury".

All damages arising from the same accident, continuous or repeated exposure to substantially the same general harmful conditions, act or offense shall be deemed to arise from one "occurrence" regardless of:

(1) The frequency of repetition;

(2) The number or kind of media used; or

(3) The number of claimants.

**17.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. Abuse of process;

24

    d.   The wrongful eviction from, wrongful entry into, or invasion of the right to private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    e.   Defamation of character, including oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    f.   Oral or written publication, in any manner, of material that violates a person's right of privacy;

    g.   The use of another's advertising idea in your "advertisement"; or

    h.   Infringing upon another's copyright, trade dress or slogan in your "advertisement".

    i.   Discrimination, unless insurance coverage therefor is prohibited by law or statute.

*   *   *

**20.** "Property damage" means:

    a.   Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.   Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For purposes of this insurance, "electronic data" is not tangible property.

Ex. 5 pages 84-106, Policy Form US 101 09 20.

38.    Cincinnati is providing a defense to the Practice in the Underlying Lawsuit pursuant to a full and complete reservation of rights.

**COUNT I – CLAIM FOR DECLARATORY RELIEF**

39.    Cincinnati incorporates realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 38 above.

40.    Cincinnati owes no duty to defend or indemnify the Estate and the Practice for the claims and allegations asserted in the Underlying Lawsuit.

41.    The Coverage A insuring agreement of the CGL coverage part and the umbrella coverage part of the Policies afford coverage for all sums the insured becomes legally obligated to pay as damages for "bodily injury" or "property damage" taking place during the policy period caused by an "occurrence."

42.    The Policies define "occurrence" as an "accident."

43.    The Underlying Lawsuit alleges that Dr. Menton and the Practice intentionally installed the camera in the bathroom at the Practice and recorded images of the Does without their consent in states of undress such that the allegations set forth in the Underlying Lawsuit do not arise from a covered "occurrence" as required by the insuring agreements set forth in the CGL and umbrella coverage parts of the Policies.

44.    Coverage A set forth in the CGL coverage and the umbrella coverage part exclude coverage for "bodily injury" expected or intended from the standpoint of the insured.

45.    The Underlying Lawsuit alleges that Dr. Menton and the Practice intentionally installed the camera in the bathroom at the Practice and recorded images of the Does in states of undress without their consent such that coverage for the Underlying Lawsuit is excluded by the "expected or intended" exclusion.

46.    The Coverage B insuring agreement set forth in the CGL coverage part and the umbrella coverage part afford coverage for "personal and advertising injury" arising out of an offense committed in the named insured's business.

47.    The Practice's "business" is providing dental care such that the alleged surreptitious recording of the Does without their consent in states of undress did not arise out of the Entity's business.

48.    Coverage B set forth in the CGL coverage part and the umbrella coverage part exclude coverage for "personal and advertising injury" arising out of the knowing violation of rights of another.

49.    The Underlying Lawsuit alleges that Dr. Menton and the Practice intentionally installed the camera in the bathroom at the Practice and recorded images of the Does without their consent in states of undress such that coverage for the Underlying Lawsuit is excluded by the "knowing violation of rights of another" exclusion.

50.    The "employer's liability" exclusion set forth in Coverage A set forth in the CGL coverage part and the umbrella coverage part bars coverage for injury to employees of the insured in the workplace.

51.    The Complaint alleges that Plaintiffs were employed by the Entity, and that the harm occurred in the workplace such that coverage is barred for the Underlying Lawsuit by the "employer's liability" exclusion.

52.    Coverage B set forth in the CGL coverage part and the umbrella coverage part exclude coverage for "personal and advertising injury" arising out of a criminal act committed by the insured.

53.    The Underlying Lawsuit alleges that Dr. Menton and the Practice violated Maryland Code Annotated, Criminal Law, § 3-902 such that the "criminal act" exclusion bars coverage for the Underlying Lawsuit.

54.     The "distribution or recording" exclusion set forth in Coverages A and B of the CGL coverage part and the umbrella coverage part excludes coverage for liability arising out of the violation or alleged violation of any statute, regulation or ordinance that prohibits the recording of information or material.

55.     The Underlying Lawsuit alleges that Dr. Menton and the Practice violated Maryland Code Annotated, Criminal Law, § 3-902 such that the "distribution or recording" exclusion bars coverage for the Underlying Lawsuit.

56.     An actual controversy exists as to the existence and scope of liability insurance coverage afforded under the Policy for the claims and allegations asserted against Hanover in the Underlying Lawsuit.

57.     Cincinnati is entitled to a declaration that no coverage is afforded under the Policies for the claims and allegations asserted against the Practice and the Estate in the Underlying Lawsuit such that Cincinnati owes no duty to defend or indemnify the Practice and the Estate in connection with the Underlying Lawsuit.

**COUNT II – CLAIM FOR DECLARATORY RELIEF**

58.     Cincinnati incorporates realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 57 above.

59.     The known loss provisions set forth Coverages A and B in the CGL coverage part and the umbrella coverage part of the Policies deem any known continuing injury occurring at the time the policy period or coverage term incepts to be covered by the policy period or coverage term in which the harm was first known.

60.     The Underlying Lawsuit alleges that Dr. Menton installed the camera in the dental practice bathroom in 2021.

61.    Dr. Menton was the sole shareholder of the Practice such that the Practice knew what Dr. Menton knew.

62.    The known loss provisions of the Policies deem that coverage, if any, is confined to the annual policy period in effect at the time that Dr. Menton commenced the surreptitious recording of the Plaintiffs.

63.    An actual controversy exists as to the existence and scope of liability insurance coverage afforded under the Policy for the claims and allegations asserted against Hanover in the Underlying Lawsuit.

64.    Alternatively, Cincinnati is entitled to a declaration that coverage, if any, is confined to the policy period in effect at the time that Dr. Menton commenced the surreptitious recording of the Plaintiffs.

WHEREFORE, Plaintiff Cincinnati Insurance Company respectfully prays for the following relief:

a.    That this Court declare that The Cincinnati Insurance Company owes no duty to defend the Practice and the Estate in connection with the Underlying Lawsuit.

b.    That this Court declare that The Cincinnati Insurance Company owes no duty to indemnify the Practice and the Estate in connection with the Underlying Lawsuit.

c.    Alternatively, that this Court declare coverage, if any, is confined to the policy period in effect the time that Dr. Menton commenced the surreptitious recording of the Plaintiffs.

d.    That this Court grant such other relief as may be warranted, just, necessary and proper under the circumstances.

Dated:  March 31, 2025                      Respectfully submitted,

By: /s/ *Thomas S. Garrett*
Thomas S. Garrett (Md. Fed Bar No. 31237)
Josephine A. Battles (Md. Fed. Bar No. 31183)
Harman Claytor Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 – Fax
tgarrett@hccw.com
jbattles@hccw.com

**Attorneys for Plaintiff,**
**The Cincinnati Insurance Company**